IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EHAB ADEL ZIAD ISKANDER, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-10-2497 |
| BALTIMORE COUNTY, MARYLAND, et al. | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

This action arises out of a Complaint brought by Ehab Adel Ziad Iskander, Heide Adel Micheal Iskander, and Simona Popa Iskander ("Plaintiffs"), against Baltimore County Police Officers Grunwell, Kitchens, McKee, and Villard; various John Doe police officers and John Doe correctional cfficers; and Baltimore County, alleging violations of Plaintiffs' civil rights under 42 U.S.C. 21 § 1988(a), and other common law claims. (ECF No. 1). Specifically, the Complaint alleges four counts against the aforementioned defendants: deprivation of civil rights and liberties under color of lawful authority, assault and battery, wrongful arrest and imprisonment, and severe misconduct intentionally causing infliction of emotional distress. (ECF No. 1). Pending before this Court is the individual Defendants Grunwell, Kitchens, McKee, and Villard's ("Defendants") Motion to Dismiss. (ECF No. 9). This Court has jurisdiction under 28 U.S.C. § 1331. The Motion to Dismiss was filed more than five months ago, and as of the date of this Memorandum Order, the Plaintiffs filed no response. The Defendants' motion has been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D.

1

Md. 2011). For the reasons that follow, the Defendants' Motion to Dismiss (ECF No. 9) is GRANTED.

ANALYSIS

Plaintiffs filed their Complaint on September 10, 2010. Compl. at 1, ECF No. 1. Defendants claim that a co-defendant, Baltimore County, was served with the Complaint in a timely manner and thereafter filed its Answer on November 12, 2010. Def.'s Mem. in Supp. of Mot. to Dismiss at 1, ECF No. 9-1. However, Defendants claim that Plaintiffs failed to effect service upon any of the individual Defendants within the 120-day period required by Rule 4(m). *Id.* Defendants allege that Officer McKee was served with the summons on April 2, 2011, which was not within the 120-day period. *Id.* According to Defendants, the other officers—Grunwell, Kitchens, and Villard—have never been served. *Id.* As a result, Defendants moved to dismiss Plaintiffs' claim without prejudice[1] pursuant to Rule 4(m), unless the Plaintiffs can show good cause. *Id.* at 2.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff effect service of the summons and complaint on a defendant within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). Rule 4(m) reads:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Id.*

---

[1] The "without prejudice" condition permits a plaintiff to re-file the complaint as if it had never been filed. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) (discussing Rule 4(j), which was edited without a change in substance and renumbered 4(m)). However, this condition does not protect an appellant from the consequence of time defenses, such as the statute of limitations. *Id.*

2

Under Rule 12(b)(5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4. "Under *Rule 4*, plaintiff bears the burden of establishing the validity of service once service has been contested . . . or of demonstrating good cause for any delay." *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 662 (D. Md. 1986) (citations omitted).

In addition, "where an extension is sought after expiration of 120 days, Rule 6(b) requires that the party demonstrate that the delay in service resulted from 'excusable neglect.'" *Knott v. Atlantic Bingo Supply, Inc.*, 2005 WL 3593743, at *1 (D. Md. Dec. 22, 2005) (explaining that Rule 6(b) permits a district court to extend the time for service "after the expiration of the specified period . . . where the failure to act was the result of excusable neglect"). "A showing of excusable neglect is a demanding standard, which the Fourth Circuit has noted 'is not easily demonstrated, nor was it intended to be.'" *Id.* (citing *United States v. Britt*, 170 F.R.D. 8, 9 (D. Md. 1996), in turn citing *Thompson v. E.I. duPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

Therefore, the burden rests on the plaintiff to "show both that there was good cause for the lack of service, and that her delay in filing the motion to extend before expiration of the 120-day period was the result of excusable neglect." *Knott*, 2005 WL 3593743 at *1; *See also Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995) (finding that plaintiff failed to satisfy Rules 4(m) and 6(b) by not establishing "both good cause for the lack of service and excusable neglect for not filing the motion to extend service before the expiration of the 120-day period").

This Court recently noted that "it is unclear, in this circuit, whether Rule 4(m) vests a court with discretion to grant an extension of the 120-day deadline, in the absence of good cause." *Hai Xu v. FMS Fin. Solutions, LLC*, 2011 WL 2144592 at *2 (D. Md. May 31, 2011).

3

Nevertheless, this Court "consistently [has] held that, even if good cause is no longer an absolute requirement under Rule 4(m), 'the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.'" *Tann v. Fisher*, 2011 WL 2678593, at *6 (D. Md. July 8, 2011) (quoting *Hai Xu*, 2011 WL 2144592, at *2).

Moreover, "[w]here a plaintiff has failed to serve a defendant, this Court has found good cause lacking in a variety of circumstances, some quite compelling." *Hai Xu*, 2011 WL 2144592, at *2; *See, e.g., Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75 (D. Md. 2005) (holding that murder of pro se plaintiff's daughter did not constitute good cause to excuse failure to serve defendant within 120 days); *Knott*, 2005 WL 3593743, at *1-2 (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant within 120 days).

Here, Defendants filed their Motion to Dismiss alleging insufficient service of process on April 13, 2011. Def.'s Mem. in Supp. of Mot. to Dismiss at 1. Thereafter the Plaintiffs bore the burden of establishing that the Plaintiffs had served the Defendants; or that there was good cause for the lack of service, and that Plaintiffs' delay in filing the motion to extend before expiration of the 120-day period was the result of excusable neglect. The Plaintiffs have failed to do both. Since the Defendants filed their Motion to Dismiss more than five months ago, the Plaintiffs have not filed any response with this Court. Consequently, the Plaintiffs have failed to provide any reason for their failure to serve Defendants. In the absence of any response from Plaintiffs to Defendants' Motion to Dismiss, this Court will assume that the Plaintiffs do not seek an

extension and thus will not exercise its discretion to grant an extension where one is not requested.[2] For these reasons, Defendants' Motion to Dismiss (ECF No. 9) is GRANTED.

## CONCLUSION

For the reasons stated in the foregoing Memorandum Order, it is this 30th day of September 2011, ORDERED that:

1. Defendants Grunwell, Kitchens, McKee, and Villard's Motion to Dismiss (ECF No. 9) is GRANTED, and the complaint is dismissed without prejudice as to those individual defendants; and

2. The Clerk of the Court transmit a copy of this Memorandum Order to Counsel.

/s/_____
Richard D. Bennett
United States District Judge

---

[2] Thus, this Court joins others in this circuit that have found it unnecessary to resolve whether a finding of good cause is mandatory before granting an extension of time for service. *See, e.g., Lehner v. CVS Pharmacy*, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott*, 2005 WL 3593743, at *1.